# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**JOSEPH PETTY**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO:  05-4772**

**WARDEN OF WEST CARROLL**                          **SECTION "D" (6)**
**DETENTION CENTER**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons stated herein, it is recommended that Petitioner's federal petition be dismissed with prejudice as time-barred.

## I.   FACTS AND PROCEDURAL HISTORY

Petitioner, Joseph Petty, is a state court inmate incarcerated at the West Carroll

Detention Center in Epps, Louisiana.  On May 4, 1999, Petitioner was convicted of

burglary of a vehicle, in violation of La. R.S. 14:62.[1]  On May 15, 1999, the trial court

denied Petitioner's motion for a new trial and  sentenced him to a term of twelve years

imprisonment at hard labor, with credit for time served.[2]  On that same date, the trial

court denied Petitioner's oral motion for reconsideration of sentence.[3]

Petitioner directly appealed his conviction and sentence which was affirmed by

the Louisiana Fifth Circuit Court of Appeal in an opinion dated April 12, 2000.[4]

Petitioner failed to apply for a rehearing from the Louisiana Fourth Circuit within the

fourteen days allowed by law, or to seek writs timely from the Louisiana Supreme

---

[1]   State Rec., Vol. 1 of 2, Minute entry #6, dated May 4, 1999, 24th Judicial District
Court, Parish of Jefferson, Louisiana.

[2]   State Rec., Vol. 1 of 2, Minute entry #7, dated May 19, 1999, 24th Judicial District
Court, Parish of Jefferson, Louisiana.

[3]   *Id*.

[4]   *State v. Petty*, 1999-1307 (La. App. 5 Cir. 4/12/00), 759 So.2d 946.

Court.  Petitioner had thirty days from the court of appeal judgment to apply to the Louisiana Supreme Court for a writ of review, but failed to do so.[5]  His conviction became final upon the expiration of that thirty-day time period, or on May 12, 2000.[6]

Approximately two months after the court of appeal decision, Petitioner filed an untimely writ application in the Louisiana Supreme Court.[7]  The record submitted by the State shows that the pleadings were received and filed by the Louisiana Supreme Court on June 13, 2000.[8]  According to the Louisiana Supreme Court, the filing was postmarked May 29, 2000.[9]  The Louisiana Supreme Court denied the writ application on March 16, 2001.[10]

---

[5]  Louisiana Supreme Court Rule X §5(a).

[6]  *See* La. C.Cr.P. art. 922.

[7]  *See Petty v. State of Louisiana*, 2000-KH-1718.  The record does not contain a copy of this writ application.

[8]  State Rec., Vol. 1 of 2, June 13, 2000 Letter from John T. Olivier, Clerk of the Louisiana Supreme Court, to Mr. Joseph Petty.

[9]  *Id.*

[10]  *See State ex. rel Joseph Petty v. State of Louisiana*, 2000-KH-1718 (La. 3/16/01), 787 So.2d 301.

On June 7, 2001, Petitioner filed a "Motion to Concurrent Petitioner's Sentence

Pursuant to La. C.Cr.P. art. 883" in the 24th Judicial District Court.[11]  The Affidavit

attached to the motion bears a date of June 3, 2001, but it is not signed by Petitioner

or notarized.  The trial court denied relief on July 10, 2001.[12]

On December 3, 2001, Petitioner filed an application for post-conviction relief

in the 24th Judicial District Court.[13]  The record submitted by the State contains a

copy of this application which bears Petitioner's signature and an affidavit dated

November 29, 2001.[14]  Petitioner raised a claim of ineffective assistance of counsel

based on an alleged failure to interview potential witnesses and to investigate the

entire case.  The trial court denied relief on December 18, 2001.[15]

Over two years later, on February 18, 2004, Petitioner filed a Motion for Ruling

---

[11]  State Rec., Vol. 1 of 2, Motion to Concurrent Petitioner's Sentence Pursuant to La. C.Cr .P. article 883 (6/7/01).

[12]  State Rec., Vol. 1 of 2, 24th Judicial District Court Order 7/10/01.

[13]  State Rec., Vol. 1 of 2, Trial Court  Application for Post-Conviction Relief, 12/03/01.

[14]  *Id*.

[15]  State Rec., Vol. 1 of 2, 24th Judicial District Court Order, 12/18/01.

on Application for Post-Conviction Relief."[16] The trial court denied relief on February 25, 2004, stating "[t]his court previously ruled on the defendant's application for post-conviction relief in its order of December 18, 2001."[17]  In this same order, the trial court noted that a copy of the December 18, 2001 order was sent to Petitioner at the Dixon Correctional Institute and received, via domiciliary service, on January 9, 2002 and January 10, 2002.[18]

On May 17, 2004, Petitioner filed a Motion for Subpoena Duces Tecum in the district court.  The Court denied the motion as repetitive, stating "[t]his court previously ruled on the same issue in its order of February 25, 2004.  In the February 25 order, defendant received a copy of the December 18, 2001 ruling denying his application for post-conviction relief...."[19]

---

[16]  State Rec., Vol. 1 of 2, Trial Court Motion for Ruling on Application for Post-Conviction Relief, 2/18/04.

[17]  State Rec., Vol. 1 of 2, 24th Judicial District Court Order 2/25/04.

[18]  *Id.*

[19]  State Rec., Vol. 1 of 2, 24th J.D.C. Order denying Motion for Subpoena Duces Tecum, 5/19/04.

On May 17, 2004, Petitioner also filed in the district court a Notice of Intention to Apply for Writs to the Fifth Circuit Court of Appeals.  Petitioner sought a return date to file a remedial writ to the Fifth Circuit from the 2001 denial of his application for post-conviction relief.  The district court denied the notice of intention as untimely.[20]

On June 28, 2004, Petitioner filed in the district court a Notice of Intention to Apply for Writs to the Fifth Circuit Court of Appeal.[21]  Petitioner sought a return date to file a remedial writ to the Louisiana Fifth Circuit Court of Appeal from a May 19, 2004 ruling.  The district court granted the motion and gave Petitioner until July 30, 2004 in which to file his writ application in the court of appeal.[22]

---

[20]  State Rec., Vol. 1 of 2, 24th J.D.C. Order denying Notice of Intention to Apply for Writs to the Louisiana Fifth Circuit Court of Appeal, 5/19/04.

[21]  State Rec., Vol. 1 of 2, Trial Court Notice of Intention to Apply for Writs to the Louisiana Fifth Circuit Court of Appeal, 6/28/04.

[22]  State Rec., Vol. 1 of 2, 24th J.D.C. Order setting return date of July 30, 2004 for defendant's writ application to the Louisiana Fifth Circuit Court of Appeal, 7/1/04.

On August 4, 2004, Petitioner filed his writ application in the court of appeal.[23]

The Fifth Circuit denied the writ application, finding no error in the trial court's

December 18, 2001 ruling denying post-conviction relief.[24]

On October 5, 2004, Petitioner filed a writ application with the Louisiana

Supreme Court.[25] The Louisiana Supreme Court denied relief on June 17, 2005.[26]

On August 15, 2005, Petitioner filed this federal application for *habeas corpus*

relief.[27] Petitioner raises three claims for relief:  (1) there was insufficient evidence to

---

[23]  The Clerk's Office of the Louisiana Fifth Circuit Court of Appeal confirmed that Petitioner filed his writ application (04-KH-944) on August 4, 2004.

[24]  *State v. Petty*, 04-944 (La. App. 5th Cir. 8/5/04) (unpublished).

[25]  State Rec., Vol. 2 of 2, La. S.Ct. Writ Application, *Petty v. State of Louisiana*, No. 2004-KH-2435, 10/5/04.

[26]  *State ex rel Joseph Petty v. State of Louisiana*, 2004-2435 (La. 6/17/05), 904 So.2d 688.

[27]  Federal Rec., Doc. 1.  The petition was originally filed in the Western District of Louisiana.  In its Transfer Order, the United States District Court for the Western District of Louisiana noted that the petition was received and filed by the Western District of Louisiana on August 23, 2005.  Petitioner's § 2254 federal habeas petition is signed and dated August 15, 2005.  The letter to the Clerk of Court accompanying the petition is dated August 22, 2005. Affording Petitioner every benefit, the earliest possible date on which he could have tendered the federal habeas application to his custodian for filing in this court was August 15, 2005.  Under the federal "mailbox" rule, a pleading filed by a prisoner acting *pro se* is considered to be filed

convict him of simple burglary, (2) his sentence is excessive, and (3) he was denied

effective assistance of counsel.

## II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.

L. No. 104-132, 110 Stat. 1214,[28] applies to the instant petition, which is deemed filed

in this court under the federal "mailbox rule" on August 15, 2005.  The threshold

questions in habeas review under the amended statute are whether the petition is

timely and whether the claim raised by the petition was adjudicated on the merits in

state court; *i.e.*, the petitioner must have exhausted state court remedies and must not

---

on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

[28] The AEDPA comprehensively revised federal habeas legislation, including 28 U.S.C. §2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United State v. Sherrod*, 964 F.2d 1501, 1505 n. 11 (5th Cir. 1992).

be in "procedural default" on a claim.[29]  The Court must therefore consider the State's

defense that the petition is not timely filed.

### III.   TIMELINESS

The State argues that Petitioner's application is not timely.[30]  Based upon a

review of the record, the Court agrees.  Generally, the AEDPA requires that a

petitioner bring his Section 2254 claims within one (1) year of the date on which his

conviction or sentence became final by the conclusion of direct review or the

expiration of the time for seeking such review.[31]  Section 2244 (d)(2) further provides

---

[29]  *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

[30]  Federal Rec., Doc. # 6.

[31]  28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an action created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

9

that the time during which a properly filed application for state post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation. In order for a state post-conviction

application to be considered "properly filed" within the meaning of § 2244(d)(2), the

applicant must have complied with all of the state's procedural requirements, such as

timeliness and place of filing.[32]

Petitioner directly appealed his conviction which was affirmed by the Louisiana

Fifth Circuit Court of Appeal on April 12, 2000.  When Petitioner failed to apply for

a rehearing from the Louisiana Fourth Circuit within the fourteen days allowed by

Louisiana law, or to seek writs from the Louisiana Supreme Court within thirty days,

_____

collateral review; or
(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence;
(2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

[32] *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1812 (2005); *Williams v. Cain*,
217 F.3d 303, 306-307 n. 4 (5th Cir. 2000) *quoting Smith v. Ward*, 209 F.3d 383, 384-385 (5th
Cir. 2000); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th
Cir. 1999).

10

his conviction became final at the expiration of that thirty-day time period, in this case on May 12, 2000.[33]

More than two months after the court of appeal rendered its decision, Petitioner filed an untimely writ application with the Louisiana Supreme Court. This pleading was not timely filed or postmarked within thirty days of the issuance of the underlying appellate court decision. The writ application was postmarked May 29, 2000 and filed on June 13, 2000.[34] The Louisiana Supreme Court treated this untimely application for writ of certiorari as a supervisory and/or remedial writ or post-conviction proceeding.[35] The court denied the application without reasons on March 16, 2001.

This writ application to the Louisiana Supreme Court was untimely under La. S.Ct. Rule X § 5 and did not toll the one-year AEDPA filing period. The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana

---

[33] La. C.Cr.P. Art. 922; *see Roberts v. Cockrell*, 319 F.3d 690, 694-695 (5th Cir. 2003) (holding that an appeal is final when the petitioner does not timely proceed to the next available step in an appeals process).

[34] The signature date on the writ application is not known.

[35] *See State ex rel. Joseph Petty v. State of Louisiana*, 2000-KH-1718 (La. 3/16/01), 787 So.2d 301.

Supreme Court which fails to comply with La. S.Ct. Rule X §5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines.[36]  Thus, the one-year limitation period set forth in § 2244(d)(1) continued to run and expired on May 12, 2001.

Petitioner took no further action until June 2001 when he filed a "Motion to Concurrent Petitioner's Sentence Pursuant to La. C.Cr.P. article 883."  The affidavit attached to the motion bears a date of June 3, 2001; it is not signed or notarized.  The motion was filed for the record on June 7, 2001.  This motion was filed after the one-year limitation period had run and thus did not toll that time-period.  Petitioner is not entitled to any tolling for the subsequent state court filings since they were made after the expiration of the AEDPA filing period as calculated above.[37]

Finally, Petitioner has presented no facts that would warrant the application of

---

[36] *Williams v. Cain*, 217 F.3d 303, 309-311 (5th Cir. 2000); *see Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005).  Rule X § 5(a) and (b) require that a writ application seeking review of an appellate court ruling be filed or postmarked within 30 days of the issuance of the appellate court's order to be timely.  *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 at *1 (5th Cir. Nov. 22, 2005).

[37] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

equitable tolling.[38]  He has not alleged, and the record does not reflect, any basis for

equitable tolling in this case.  The record does not show the type of extraordinary

circumstances which would warrant equitable tolling.

For all of the foregoing reasons, the Court finds that Mr. Petty's federal petition

for *habeas corpus* filed on August 15, 2005 is not timely.

## IV.   RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Joseph Petty's

federal *habeas corpus* petition be dismissed with prejudice as time-barred.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within 10

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

---

[38]  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).

notice that such consequences will result from a failure to object.[39]

      New Orleans, Louisiana, this 30th day of August, 2006.


                                _____
                                LOUIS MOORE, JR.
                                UNITED STATES MAGISTRATE JUDGE

---

[39] *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).